NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 14-3163

———————————

GIL CASTANEDA-CORTEZ,
                                          Appellant

v.

WARDEN YORK COUNTY PRISON;
THOMAS S. WINKOWSKI, Principal Deputy Assistant Secretary USICE;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

———————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-01151)
District Judge: Honorable Robert D. Mariani

———————————

Submitted under Third Circuit LAR 34.1(a)
on March 6, 2015

Before: SHWARTZ, SCIRICA and ROTH, Circuit Judges

(Opinion filed: January 15, 2016)

———————————

OPINION[*]

———————————

ROTH, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gil Castaneda-Cortez appeals the District Court's denial of his emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will dismiss the appeal for lack of jurisdiction.

Castaneda-Cortez, a citizen of Mexico, obtained Lawful Permanent Residence status in the United States in 2004. On April 22, 2008, Castaneda-Cortez pled guilty in the U.S. District Court for the Eastern District of Pennsylvania to one count of aiding and abetting the possession with intent to distribute 100 kilograms or more of marijuana.[1] He was sentenced to three years' probation. On April 25, 2014, the Government charged Castaneda-Cortez as removable based on his drug trafficking conviction.[2] The Immigration Judge subsequently ordered him removed to Mexico.

On June 17, 2014, Castaneda-Cortez filed an emergency habeas petition, seeking a stay of removal, permanent injunctive relief, and release from U.S. custody. Castaneda-Cortez claims that he was promised non-arrest and non-prosecution for cooperation with the Government's drug investigation and that the Government did not fulfill its end of the bargain. He admits that he cannot directly or collaterally attack his order of removal, and instead asks the Court to remedy the Government's broken promise by using its "broad powers to fashion remedies as needed in the context of habeas proceedings."

We will not address the merits of Castaneda-Cortez's petition because we lack jurisdiction. The REAL ID Act of 2005 "eliminated habeas corpus review over removal orders and provides that 'a petition for review filed with an appropriate court of appeals

---

[1] *See* 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2.
[2] *See* 8 U.S.C. § 1101(a)(43)(B).

in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.'"[3]  We therefore must determine whether Castaneda-Cortez challenges "something other than an order of removal."[4]  Although Castaneda-Cortez characterizes his claim as one for "equitable relief," providing such relief would clearly be inconsistent with his order of removal and therefore constitutes a challenge to the removal order itself.[5]  Thus, we lack jurisdiction to review his habeas claims.[6]

---

[3] *Verde-Rodriguez v. Att'y Gen. U.S.*, 734 F.3d 198, 201 (3d Cir. 2013) (quoting 8 U.S.C. § 1252(a)(5)).

[4] *Id*. at 205.

[5] *See id.* at 206-07 (holding that a procedural due process claim was a challenge to an order of removal because it "directly challenge[d] the lawfulness of the removal order and [was] intertwined with the IJ's decision").

[6] We also believe that Castaneda-Cortez's petition is moot as a result of his deportation. While we have recognized an exception to the mootness doctrine when a party would suffer "secondary or 'collateral' injuries . . . after resolution of the primary injury," *see Chong v. District Director, I.N.S.*, 264 F.3d 378, 384-85 (3d Cir. 2001), that exception does not apply here.  Since Castaneda-Cortez is not challenging his criminal conviction or his removal proceedings, a favorable decision on his habeas petition would not affect his status as an inadmissible alien, and therefore would not redress any collateral injury. It is noted that Judge Shwartz would not rely on mootness as a ground for dismissing this Petition.